**ANDERSON BANTA CLARKSON** PLLC
48 NORTH MACDONALD
MESA, ARIZONA  85201
TELEPHONE (480) 788-3053

Adam C. Anderson/024314
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

## TUCSON DIVISION

| | |
|---|---|
| AMANDA WILLSON,<br><br>           Plaintiff,<br><br>vs.<br><br>QUICK COLLECT, INC.,<br><br>           Defendant, | Case No.:<br><br>**COMPLAINT AND JURY DEMAND** |

NOW COMES the plaintiff, AMANDA WILLSON, by and through her attorneys, ANDERSON BANTA CLARKSON PLLC, and for her Complaint against the defendant, QUICK COLLECT, INC., the plaintiff states as follows:

### I.     PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.     JURISDICTION & VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. AMANDA WILLSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Tucson, County of Pima, State of Arizona.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Chvatal Orthodontics (hereinafter, "the Debt").

6. The Debt was for an orthodontist's bill which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. QUICK COLLECT, INC., (hereinafter, "DEFENDANT") is a business entity engaged in the collection of debt within the State of Arizona.  Defendant's principal place of business is located in the State of Oregon.  Defendant is incorporated in the State of Oregon.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. Upon information and belief, on or about November 12, 2015, Defendant took assignment of the Debt for the purpose of collecting from Plaintiff.

15. Shortly thereafter, Defendant began to report information about the debt to one or more consumer reporting agencies as that term is defined by 15 U.S.C. 211681a(4).

16. In about August of 2016, Plaintiff noticed the reporting of the aforementioned Debt on her credit report and contacted Defendant to discuss payment.

17. At the time Defendant was attempting to collect the Debt from Plaintiff, Plaintiff was residing in the State of Arizona.

18. At the time Defendant was attempting to collect the Debt from Plaintiff, Defendant was attempting to collect a Debt from Plaintiff while she was residing in the State of Arizona

19. At the time Defendant was attempting to collect the Debt from Plaintiff, there was in full force and effect a statute in the State of Arizona that requires that all debt collectors collecting debts in the State of Arizona be licensed by the Arizona State Board of Collection Agencies.

20. At the time Defendant was attempting to collect the Debt from Plaintiff, Defendant was not licensed by the Arizona State Board of Collection Agencies.

21. Despite the foregoing, Defendant continued to attempt to collect the debt by persuading Plaintiff to enter into a payment arrangement.

22. Plaintiff requested that Defendant provide her with documents evidencing the Debt and the amount of balance yet owed.   However, Defendant refused, citing the lack of a license to collect in Arizona for the reason that it cannot send documents to Plaintiff.

23. Defendant's attempts to collect the Debt from Plaintiff in the State of Arizona were unfair and/or unconscionable given that, at the time, Defendant attempted to collect the Debt from Plaintiff, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff as required by Arizona state law.

24. Defendant's representations to Plaintiff that she had to pay the Debt to Defendant, as delineated above, were false, deceptive and/or misleading given that at the time Defendant represented to Plaintiff that she had to pay the Debt to Defendant, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff.

25. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

26. In its attempts to collect the debt allegedly owed by Plaintiff to Chvatal Orthodontics, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   c. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   d. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

27. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

28. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, AMANDA WILSON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

5

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

**ANDERSON BANTA CLARKSON PLLC**

By : ___s/ Adam Anderson___
      Adam C. Anderson
      48 North MacDonald Street
      Mesa, AZ  85201
      Attorney for Plaintiff